AINSLEE, A MINOR, APPELLANT, *v.* CITY OF BELLEVUE, APPELLEE.

(No. 405—Decided May 3, 1943.)

*Messrs. Young & Young,* for appellant.
*Mr. Kenneth P. Fox,* city solicitor, and *Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellee.

LLOYD, J. The residence of the parents of James Ainslee, a minor five years of age, was in the vicinity of Greenwood Heights playground, a public park in Bellevue. In this park were various athletic equipment and apparatus, including tennis courts, a baseball diamond, track, basketball court, shuffleboard, horse shoes, badminton, deck tennis and areas set aside for discus throwing, pole vaulting, shotput and perhaps other athletic activities. There was no equipment for children of the age of Ainslee. The entire field covers about seven acres.

Young Ainslee, despite being told several times of the danger of being hurt, continued to come there when athletic activities were in progress; and while there on May 24, 1941, was struck on the head by a discus which when thrown by a recent graduate student of Bellevue High School, traveled sideways instead of

along its intended course. The thrower had immediately theretofore been using the discus for some 15 or 20 minutes in and confined to the area provided therefor. This was the last "heave" as he called it, which he intended to make, and it was made outside of the designated area.

Part of the moveable athletic equipment, among which was the discus in question, was the property of the high school. This discus, however, had been discarded for others of less weight. It was used only "because it was heavier and when you threw the light discus you would throw it farther." It had been lying about the playground during the entire spring, which fact was known by the playground supervisor.

On this 24th of May, two former high school students went to the athletic field and saw the discus lying on the grass near a shed used "to house the tools." In the shed also was a telephone. The discus was picked up and used by one of them, with the unfortunate result above related.

In the action brought in the Court of Common Pleas, for damages for the injuries sustained by the five-year-old boy, the jury returned a verdict for the city of Bellevue, upon which judgment was entered. From this judgment, an appeal on questions of law has been taken to this court, it being claimed that the trial court erred in its charge to the jury; and that the verdict was not sustained by sufficient evidence and is contrary to law.

The action of the plaintiff was based on the theory that "a discus is dangerous because of the uncertainty of its flight in use," and to knowingly allow one to be left on the playground, where it might be found and used, constituted a nuisance.

Areas had been established in the playground for

throwing the discus and at the time of the injury to plaintiff, it was being thrown by a young man who was conversant with that activity. If the city is liable for what happened, that liability must arise because of its failure to keep the playground "free from nuisance" as provided in Section 3714, General Code. Nuisance has been variously defined. The Supreme Court, at page 453 of its opinion in the case of *Rd. Co.* v. *Carr,* 38 Ohio St., 448, 43 Am. Rep., 428, states that:

"An actionable nuisance is defined by Mr. Cooley in his work on Torts, to be anything wrongfully done or permitted which injures or annoys another in the enjoyment of his legal rights; and, on page 566, he says: 'As the definition assumes the existence of wrong, those things which may be annoying and damaging, but for which no one is in fault, are not to be deemed nuisances, though all the ordinary consequences of nuisances may flow from them.' And Mr. Addison, in his work on Torts, (Dudley and Baylies' ed. p. 3), says: 'A man may, however, sustain grievous damage. at the hands of another; and yet, if it be the result of inevitable accident or a lawful act done in a lawful manner, without any carelessness or negligence, there is no legal injury, and no tort giving rise to an action for damages.' Such cases are within the rule of *damnum sine injuria.*"

It seems to the court that the discus was no more inherently dangerous than a tennis ball or a baseball or any of the other playground equipment, or a stone that might be picked up by some visitor or habitue of the park and thrown. Its use was the activating cause of the resulting injuries. Even if it could be said that, under the condition disclosed by the record, it was the duty and obligation of the city to keep under lock and key it and all similar equipment when not in

use, that failure was not the proximate cause of the injury to the plaintiff. The direct and proximate cause of the injury was the negligent throwing of it by the young man using it.

Our judgment is that the court could well have granted the motion of the defendant for a directed verdict. The judgment is therefore affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.